Mike M. Arias, Esq. (SBN 115385)
Arnold C. Wang, Esq. (SBN 204431)
M. Anthony Jenkins, Esq. (SBN 171958)
**ARIAS SANGUINETTI WANG & TEAM LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168

Steven D. Liddle, Esq.*
Matthew Z. Robb, Esq.*
D. Reed Solt, Esq.*
**LIDDLE SHEETS COULSON, P.C.**
*Pro Hac Vice* Applications to be submitted
975 E. Jefferson Avenue
Detroit, Michigan 48207
Telephone: (313) 392-0015
Facsimile: (313) 392-0025

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD EIGENBERG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>USA WASTE OF CALIFORNIA, INC., d/b/a WASTE MANAGEMENT,<br><br>Defendant. | CASE NO. 5:24-cv-490<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. Public Nuisance;<br>2. Private Nuisance; and<br>3. Negligence<br><br>JURY TRIAL DEMANDED |

# INTRODUCTION

1. Plaintiff brings this class action against Defendant USA Waste of California Inc. ("Defendant") for its release of noxious odors onto Plaintiff's property.

2. Defendant owns and operates the El Sobrante Landfill ("the Landfill") that releases noxious off-site odors, causing material injury to property through nuisance and negligence.

# PARTIES

3. At all times relevant hereto, Plaintiff Howard Eigenberg has resided at 24650 Crestley Drive, City of Corona, County of Riverside, California.

4. Defendant USA Waste of California, Inc. is a Delaware Corporation with its principal place of business located in Houston, Texas.

5. Defendant's municipal solid waste Landfill is located at 10910 Dawson Canyon Road, in the City of Corona, County of Riverside, California.

6. Defendant, including its predecessors and agents, either constructed or directed the construction of the Landfill and exercised control over the Landfill, including day-to-day management and operations, at all relevant times hereto.

# JURISDICTION AND VENUE

7. Plaintiff is a citizen of California.

8. Defendant is a citizen of Delaware, the state where it is incorporated, and Texas, the state where it is headquartered.

9. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy greatly exceeds $75,000, exclusive of interests and costs, and there is complete diversity of citizenship between the parties.

10. Separately, and in addition to diversity jurisdiction under 28 U.S.C. § 1332(a)(1), this Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA") pursuant to 28 U.S.C. § 1332(d)(2)(a). CAFA jurisdiction is appropriate

because there are 100 or more putative class members, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and one or more members of the putative class is a citizen of a state different from any defendant.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events or omissions giving rise to Plaintiff's claims took place in this District, and because the property that is the subject of this action is situated in this District.

## GENERAL ALLEGATIONS

12. Defendant owns and operates a regional Landfill located at 10910 Dawson Canyon Road in Corona, California, on a 468-acre site where it receives and processes waste from communities throughout southern California.

13. Defendant's facility is surrounded by residential properties.

14. Plaintiff resides within 2.5-mile of the Landfill's property boundary.

15. On frequent, recurrent, and continuing occasions too numerous to list herein, Plaintiff's property has been and continues to be physically invaded by noxious odors.

16. The noxious odors which entered Plaintiff's property originated from Defendant's Landfill, as a result of Defendant's intentional and/or negligent acts and/or omissions.

17. These odors caused by the Landfill have been and continue to be dispersed across all public and private land in the Class Area.

### *Defendant's Landfill Operations*

18. Defendant accepts thousands of tons of waste per day, including municipal solid wastes, construction and demolition debris, treated wood waste, and yard waste for disposal at its Landfill.

19. Materials deposited into Defendant's Landfill decompose and generate (among other things) Landfill gas, an odorous and offensive byproduct of

**CLASS ACTION COMPLAINT**

decomposition which generally consists of methane, carbon dioxide, and various odorous compounds.

20. Defendant's Landfill operations also produce large quantities of leachate, a highly odiferous liquid comprised of liquid waste from materials received at the Landfill. If not properly treated and contained, this leachate can emit noxious odors beyond the Landfill's property boundary.

21. Landfill gas from Landfills that accept construction and demolition debris, like Defendant's, can be especially odiferous given the high content of hydrogen sulfide, which is known to have a characteristic "rotten-egg" smell.

22. A properly operated, maintained, and managed Landfill will collect, capture and destroy Landfill gas from the Landfill in order to prevent it from escaping into the ambient air as fugitive emissions.

23. Defendant is required to control its odorous emissions by, among other things, following proper Landfilling practices, utilizing adequate Landfill cover and covering practices, utilizing adequate lining and lining practices, limiting and/or pre-treating biosolid waste, utilization of odor control technologies, and installing, operating, maintaining systems for the routing, capture, removal, and elimination of leachate and Landfill gas.

24. Defendant has failed to follow proper Landfilling practices to prevent noxious off-site odor emissions and has failed to sufficiently collect, capture, and destroy Landfill gas generated at its Landfill to prevent fugitive emissions and to otherwise prevent odors from the Landfill from invading the homes and properties of Plaintiff and the Class.

25. Defendant's Landfill emissions have been the subject of frequent odor complaints from residents in the nearby residential area.

26. Numerous households have contacted Plaintiff's counsel documenting the odors they attribute to the Defendant's Landfill.

27. Below is a small sampling of the factual allegations made by putative class members to Plaintiff's counsel, demonstrating that the Landfill is the source and cause of the odor emissions, which have caused damages to neighboring properties.

    a. On September 16, 2023, putative class member Nemencio and Glady Quintanilla reported that "when we smell the odors coming from the Landfill we simply stay indoors and avoid walking around the subdivision." Additionally, the Quintanillas reported that "[t]he odors also prevent us from enjoying outdoor parties and exercises like walking/jogging."

    b. On September 21, 2023, putative class members Sherry and John Donahue reported that "[w]hen the odor is present you can't go outside. No walking, pool, pickleball or anything outdoors. You can't be outside in your yard either. You have to close all the windows in your house and can't have fresh air."

    c. On September 25, 2023, putative class member Thomas Brown reported that the odors have "caused myself and my family to avoid using our backyard, pool, bbq and host gatherings…"

    d. On September 30, 2023, putative class member Edward Galvin reported that he and his family "haven't been able to open our windows, entertain in the backyard or even enjoy the backyard with our grandkids." Mr. Galvin described the odors as an "[o]ffensive smell that is horrible."

28. Plaintiff Howard Eigenberg reported to Plaintiff's counsel that "the odor is so bad I can't step outside…" and that the odor is of sufficient intensity as to irritate his eyes and throat.

29. Defendant's well documented pattern of failing to control its emissions is further demonstrated by:

    a. Defendant has received multiple Notices of Violation (NOV) from the SCQAMD relating to its operation of the Facility and resultant odors:

**CLASS ACTION COMPLAINT**

      i. On January 28, 2022, Defendant received an NOV for "[f]ailure to operate the gas collections and gas control systems at all times for Landfill with an active collection system."

      ii. On June 22 and 26, 2023, Defendant was issued an NOV for "discharge of air contaminants which caused injury, detriment, nuisance, or annoyance to any considerable number of persons." Defendant was cited for "[p]ublic nuisance, specifically odors" on both occasions.

      iii. Additionally, Defendant received an NOV from the SCAQMD on June 28, 2023, for "[f]ailure to properly dispose or treat all condensate, leachate, and contaminated groundwater/subdrain water collected", which also constituted a violation of Defendant's Title V operating permit.

b. There have been at least 115 verified odor complaints for which the SCAQMD identified the Landfill as the source of odor between September 2021 and July 2023 alone.

### *Defendant's Noxious Odor Emissions*

30. Defendant's Landfill has repeatedly and continually emitted objectionable noxious odors that were detectable outside the bounds of its property.

31. The Landfill has emitted noxious odors that have caused negative impacts to its neighbors.

32. Defendant has repeatedly been cited by regulators for failing to operate the Landfill in accordance with its permits (specifically the gas collection and control systems designed to eliminate highly odorous Landfill gases), discharging noxious odors into the surrounding community, and failing to properly treat and/or dispose of leachate at the Landfill.

33. Defendant's harmful, odorous emissions are continuing; Defendant has failed to cease the noxious emissions, despite knowledge, and despite the emissions being abatable with reasonable care and diligence.

34. The noxious odors emitted from the Landfill are offensive, would be offensive to a reasonable person of ordinary health and sensibilities, and have caused property damage, including by interfering with the ability of Plaintiff and the Class to use and enjoy their homes and property.

35. Plaintiff and the putative class are a limited subset of individuals in Riverside County, and the proposed Class Area, that includes only owner/occupants and renters of residential property who live within the Class Area and fit within the Class Definition.

36. The proposed Class Area is home to a wide range of commercial and recreational enterprises, including but not limited to retail trade, health care & social assistance, education, and dining.

37. Members the public, including but not limited to business owners, inmates, employees, commuters, visitors, customers, clients, students, and patients, have experienced and been harmed by the fugitive noxious odors emitted from the Landfill into public spaces; however, unlike Plaintiff and the putative class, members of the public who are outside of the Class Definition have not suffered damages of the same kind, in the form of diminished property values and/or loss of use and enjoyment of their private property.

38. The invasion of Plaintiff's property and that of the Class by noxious odors has reduced the value of and interfered with the use and enjoyment of those properties, resulting in damages well in excess of $5,000,000.

## CLASS ALLEGATIONS

**A. Definition of the Class**

39. Plaintiff brings this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent a Class of persons defined as:

> **All owner/occupants and renters of residential property residing within two-and-one-half (2.5) miles of the Landfill's property boundary between the date three (3) years predating the filing of this Complaint and the present.**

The definitional boundary is subject to modification as discovery will disclose the location of all persons properly included in the Class ("Class Members"). Plaintiff reserves the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

40. This case is properly maintainable as a class action pursuant to and in accordance with Federal Rule of Civil Procedure 23 in that:

   a. The Class, which includes thousands of members, is so numerous that joinder of all members is impracticable;

   b. There are substantial questions of law and fact common to the class including those set forth in greater particularity herein;

   c. Questions of law and fact such as those enumerated below, which are all common to the class, predominate over any questions of law or fact affecting only individual members of the class;

   d. A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

   e. The relief sought in this class action will effectively and efficiently provide relief to all members of the class;

   f. There are no unusual difficulties foreseen in the management of this class action; and

   g. Plaintiff, whose claims are typical of those of the Class, through their experienced counsel, will zealously and adequately represent the Class.

///

///

### B. Numerosity

41. The approximate number of residential households within the Class Area is over 5,400.

42. The Class consists of thousands of members and therefore is so numerous that joinder is impracticable.

### C. Commonality

43. Numerous common questions of law and fact predominate over any questions affecting individual Class Members, including, but not limited to the following:

a. Whether and how Defendant negligently and knowingly failed to reasonably construct, maintain and operate the Landfill to prevent off-site odor emissions;

b. Whether Defendant owed any duties to Plaintiff;

c. Which duties Defendant owed to Plaintiff;

d. Which steps Defendant has and has not taken in order to control the emission of noxious odors through the construction, maintenance and operation of its Landfill;

e. Whether and to what extent the Landfill's noxious odors were dispersed over the Class Area;

f. Whether it was reasonably foreseeable that Defendant's failure to properly construct, maintain and operate the Landfill would result in an invasion of Plaintiff's property interests;

g. Whether the degree of harm suffered by Plaintiff and the Class constitutes a substantial annoyance or interference; and

h. The proper measure of damages incurred by Plaintiff and the Class.

///

CLASS ACTION COMPLAINT

### D. Typicality

44. Plaintiff has the same interests in this matter as all the other members of the Class and his claims are typical of all members of the Class. If brought and prosecuted individually, the claims of each Class Member would require proof of many of the same material and substantive facts, utilize the same complex evidence including expert testimony, rely upon the same legal theories and seek the same type of relief.

45. The claims of Plaintiff and the other Class Members have a common cause and their damages are of the same type. The claims originate from the same failure of the Defendant to properly construct, repair, maintain and operate the Landfill.

46. Class Members have similar injuries to the Plaintiff as a result of the invasion of their properties by Defendant's release of noxious odors causing damage to their properties.

### E. Adequacy of Representation

47. Plaintiff's claims are sufficiently aligned with the interests of the absent Class Members to ensure that the Class' claims will be prosecuted with diligence and care by Plaintiff as representative of the Class. Plaintiff will fairly and adequately represent the interests of the Class and does not have interests adverse to the Class.

48. Plaintiff has retained the services of counsel who are experienced in complex class action litigation and in particular class actions stemming from invasions of Landfill emissions. Plaintiff's counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiff and all absent Class Members.

///

///

**CLASS ACTION COMPLAINT**

**F.  Class Treatment Is the Superior Method of Adjudication**

49. A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

    a. Individual claims by the Class Members would be impracticable as the costs of pursuit would far exceed what any one Class Member has at stake;

    b. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class Members are unlikely to have an interest in separately prosecuting and controlling individual actions;

    c. The concentration of litigation of these claims in one action will achieve efficiency and promote judicial economy; and

    d. The proposed class action is manageable.

50. The prosecution of separate actions by or against individual members of the Class would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the Class, which could establish incompatible standards of conduct for the party opposing the Class; and (ii) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

51. Notice can be provided to members of the Class by U.S. Mail and/or publication.

52. Class treatment of Plaintiff's claims is appropriate and necessary to ensure that common relief is available to the Class and that Class Members can vindicate their rights in a single proceeding.

///

///

## CAUSES OF ACTION I AND II
## PUBLIC AND PRIVATE NUISANCE

53. Plaintiff restates the allegations set forth in all previous paragraphs of this Complaint as if fully rewritten herein.

54. The noxious odors which entered Plaintiff's property originated from the Landfill constructed, maintained and/or operated by Defendant.

55. The noxious emissions were created as a result of intentional and affirmative acts taken by the Defendant on the offending property.

56. The odors invading Plaintiff's property are indecent and/or offensive to the senses, and obstruct the free use of his property so as to interfere with the comfortable enjoyment of life and/or property, including by preventing him from using and enjoying the outdoor spaces of his property.

57. Plaintiff did not consent for noxious odors to enter into his land and property.

58. Defendant owed and continues to owe a duty to Plaintiff and the putative class to take positive action to prevent and/or abate the interference with common public rights and/or the invasion of the private interests of the Plaintiff.

59. By constructing and then failing to reasonably repair, maintain, and/or operate its Landfill, Defendant has negligently created an unreasonable risk of foreseeable harm by causing the invasion of Plaintiff's property by noxious odors and pollutants.

60. As a foreseeable, direct and proximate result of the foregoing conduct of Defendant, Plaintiff suffered injuries and damages to his property including through interference with the use and enjoyment of private property, loss of property values, and adverse impacts on property values.

**CLASS ACTION COMPLAINT**

61. The injuries and damages suffered by Plaintiff are specially injurious to himself given the impacts to his property, as compared with the general public impacted by the odors, whose injuries do not include private property damage.

62. The Class Area is home to a wide range of commercial and recreational activities, including but not limited to manufacturing, construction, retain trade, ministry, education, dining, and lodging.

63. Plaintiff and the Class are a limited subset of individuals in Riverside County and the Class Area, that includes only owner/occupants and renters of residential property located within the proposed Class Area and fit within the Class Definition.

64. Members of the public, including but not limited to businesses, employees, commuters, tourists, visitors, customers, clients, and students have experienced and been harmed by the noxious odors emitted from the Landfill into public spaces; however, unlike Plaintiff and the Class, members of the public have not suffered damages of the same kind, in the form of diminished property values and/or loss of use and enjoyment of their private property.

65. The nuisance conditions created by Defendant are abatable with reasonable care, effort, and diligence.

66. The nuisance conditions created by Defendant are continuing, as they arise intermittently and can be abated with reasonable diligence.

67. By causing noxious odors produced and controlled by Defendant to physically invade Plaintiff's land and property, Defendant intentionally, recklessly, and/or negligently created a nuisance which substantially and unreasonably interfered with Plaintiff's comfortable use and enjoyment of his property and caused the values of said property to diminish.

68. Whatever social utility the Landfill's operations provides is clearly outweighed by the harm suffered by the Plaintiff and the putative class, who have

on frequent occasions been deprived of the full use and enjoyment of their properties and have been forced to endure substantial loss in the value of their properties.

69. Defendant's substantial and unreasonable interference with Plaintiff's use and enjoyment of his property and diminution of property values constitutes a nuisance for which Defendant is liable to Plaintiff for all damages arising from such nuisance, including compensatory, exemplary, and injunctive relief.

## CAUSES OF ACTION III
## NEGLIGENCE

70. Plaintiff restates the allegations set forth in all previous paragraphs of this Complaint as if fully rewritten herein.

71. On occasions too numerous to mention, Defendant negligently and improperly maintained and/or operated its Landfill, allowing excessive fugitive noxious odor emissions to escape.

72. Defendant owed and continues to owe a duty to Plaintiff and the putative class, as neighboring residents with private property interests, to prevent and abate the interference with, and the invasion of, their private property interests.

73. By failing to properly construct, maintain and/or operate its Landfill, and follow proper Landfilling practices, Defendant failed to exercise its duty of ordinary care and diligence so that noxious odors would not invade and damage Plaintiff's property.

74. As a direct and proximate result of Defendant's negligence in maintaining and/or operating the Landfill, Plaintiff's properties were physically invaded by noxious odors on occasions too numerous to list individually.

75. As a further direct and proximate result of the foregoing conduct of Defendant, Plaintiff suffered damages to his property as alleged herein. Such

**CLASS ACTION COMPLAINT**

damages include, but are not limited to, diminution in the value of Plaintiff's property and the interference with the right of use and enjoyment of Plaintiff's property.

76. By failing to construct, maintain and/or operate its Landfill, Defendant has caused the invasion of Plaintiff's property by noxious odors.

77. Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly constructed, maintained and/or operated its Landfill and knew, or should have known upon reasonable inspection that such actions would cause Plaintiff's property to be invaded by noxious odors.

78. As a direct and proximate result of the failure of Defendant to exercise ordinary care, Plaintiff's residences have been and continue to be physically invaded by noxious odors.

79. Defendant's conduct in causing noxious odors to invade Plaintiff's property has caused damages to Plaintiff's property, as alleged herein, and Plaintiff seeks all damages allowed by law, including, but not limited to, compensatory, exemplary, and injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, prays for judgment as follows:

A. Certification of the proposed Class pursuant to Federal Rule of Civil Procedure 23;

B. Designation of Plaintiff as the representative of the proposed Class and designation of his counsel as Class Counsel;

C. Judgment in favor of Plaintiff and the Class Members and against Defendant;

**CLASS ACTION COMPLAINT**

D. An award, to Plaintiff and the Class, of compensatory damages, including pre-judgment and post-judgment interest thereupon;

E. An Order holding that entrance of the aforementioned noxious odors upon Plaintiff's property constituted a nuisance;

F. An Order holding that Defendant was negligent in causing property damages to Plaintiff and the Class, causing damages to property.

G. Injunctive relief not inconsistent with Defendant's federally and state enforced air permits;

H. An award of attorney fees and costs; and

I. Such further relief as the Court deems just and proper.

///

///

///

# JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: March 5, 2024

**ARIAS SANGUINETTI WANG & TEAM LLP**

By: */s/Mike Arias*
MIKE ARIAS, ESQ.
ARNOLD C. WANG, ESQ.
M. ANTHONY JENKINS, ESQ.

**LIDDLE SHEETS COULSON, P.C.**

STEVEN D. LIDDLE, ESQ.*
MATTHEW Z. ROBB, ESQ.*
D. REED SOLT, ESQ.*

* *Pro Hac Vice* applications to be submitted

*Attorneys for Plaintiff and the Putative Class*